# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHELLE ERDMANN,<br><br>               Plaintiff,<br><br>v.<br><br>RANDSTAD, MAXIMUS, and SHERRY NORLING,<br><br>               Defendants. | Case No. 19-CV-1482-JPS<br><br>**ORDER** |

On October 10, 2019, Plaintiff filed this action *pro se* purporting to present a claim under the False Claims Act, 31 U.S.C. § 3729, as a *qui tam* relator. (Docket #1). The Court begins by addressing Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). In order to allow a plaintiff to proceed without prepaying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous, malicious, or fails to state a viable claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, it appears that Plaintiff has intermittent income and substantial expenses. She also explains that she has almost no savings, and lives with her mother to reduce her expenses. Plaintiff's sworn statements reveal that she would be unable "to provide h[er]self . . . with the necessities of life" if required to prepay the $400.00 filing fee in this matter. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

However, notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious,"

which fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Plaintiff's allegations are difficult to decipher, but the Court gathers that she encountered some problems with Defendants, a staffing agency and (presumably) a supervisor employed there. Plaintiff identifies the problem as "not wanting to participate in providing information that was incorrect and inaccurate for [a] Rebid for Wisconsin, in 2012." (Docket #1-1 at 7). She goes on to state the claim a little differently: "I was terminated because I question[ed] inaccurate information that was to be submitted to receive a Re-Bid Contract in the State of Wisconsin regarding my resume." *Id.* As noted above, Plaintiff wishes to bring a claim under the False Claims Act as a *qui tam* relator.

Plaintiff's allegations have nothing to do with the False Claims Act, which

> makes it unlawful to knowingly (1) present or cause to be presented to the United States a false or fraudulent claim for payment or approval, 31 U.S.C. § 3729(a)(1) (2006); (2) make or use a false record or statement material to a false or fraudulent claim, § 3729(a)(1)(B); or (3) use a false record or statement to conceal or decrease an obligation to pay money to the United States, § 3729(a)(7) (2006). Under the Act, private individuals such as [Plaintiff], referred to as "relators," may

> file civil actions known as *qui tam* actions on behalf of the United States to recover money that the government paid as a result of conduct forbidden under the Act. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 912 (7th Cir. 2009). As an incentive to bring suit, a prevailing relator may collect a substantial percentage of any funds recovered for the benefit of the government. *Id.* To establish civil liability under the False Claims Act, a relator generally must prove (1) that the defendant made a statement in order to receive money from the government; (2) that the statement was false; and (3) that the defendant knew the statement was false. *E.g., United States ex rel. Gross v. AIDS Research Alliance–Chicago*, 415 F.3d 601, 604 (7th Cir.2005).

*United States ex rel. Yannacopoulos v. Gen. Dynamics*, 652 F.3d 818, 822 (7th Cir. 2011).

Plaintiff does not allege that Defendants received any money from the federal government or, even if they did, that they made false statements to anyone about it. Instead, Plaintiff seems to allege something about her resume. To the extent Plaintiff suggests that there was an issue with money received by Defendants from the State of Wisconsin, that is not actionable under the federal False Claims Act. There previously existed a Wisconsin false claims act, but it was repealed in 2015, and in any event, it applied only to fraud involving the state Medicaid program. *United States v. Lakeshore Med. Clinic, Ltd.*, No. 11-CV-892-LA, 2013 WL 1307013, at *2 (E.D. Wis. Mar. 28, 2013).

Plaintiff has failed to state any viable claims for relief. Thus, not only must her motion for leave to proceed *in forma pauperis* be denied, this action must also be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge